UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYREE RAYBON RUFFINS,<br>CDCR #BJ-6549,<br><br>                    Plaintiff,<br><br>v.<br><br>R. DIN, Lieutenant,<br><br>                    Defendant. | Case No.: 25-cv-00267-AJB-SBC<br><br>**ORDER GRANTING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br><br>**(Doc. No. 4)** |

**I.     BACKGROUND**

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 ("Compl.") by Plaintiff Tyree Raybon Ruffins, a prisoner at Mule Creek State Prison ("MCSP"), who is proceeding without counsel. (*See* Doc. No. 1.) Plaintiff claims Defendant Lieutenant R. Din violated his constitutional rights at Centinela State Prison ("CEN") in November 2021, by failing to follow proper known-enemy protocol after Plaintiff and another inmate engaged in a fight. (*Id.* at 3.) Plaintiff seeks $25,000 in damages. (*Id.* at 7.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) to commence

a civil action, but instead filed a motion seeking leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* Doc. No. 2.) While his initial IFP motion was denied because he failed to attach certified copies of his prison trust account statements as required by 28 U.S.C. § 1915(a)(2), Plaintiff has since filed a renewed IFP motion correcting that deficiency. (*See* Doc. No. 4.)

For the reasons explained, the Court **GRANTS** Plaintiff's renewed motion to proceed IFP but **DISMISSES** his Complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because it fails to state a claim upon which § 1983 relief can be granted.

## II.    RENEWED MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

"While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' . . . the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)–(2)).

---

[1] In addition to the $350 statutory fee, civil litigants filing suit are required to pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The administrative portion of the fee does not apply to persons granted leave to proceed IFP. *Id.*

  To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "shall assess and when funds exist, collect, . . . an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). Thus, while prisoners may qualify to proceed IFP without having to pay the statutory filing fee in one lump sum, they nevertheless remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

  Plaintiff's renewed IFP motion complies with both 28 U.S.C. § 1915(a)(1) and (2). In support, Plaintiff has submitted a prison certificate issued by MCSP trust accounting officer, as well as a copy of his CDCR Inmate Statement Report. (*See* Doc. No. 4 at 4, 6–8.) *See also* S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff maintained an average monthly balance of $66.34, and had $26.36 in average monthly deposits to his account over the 6-month period immediately preceding the filing of his complaint. Plaintiff also had an available balance of $9.31 at the time of filing. (Doc. No. 4 at 4, 7.)

  Based on this accounting, the Court **GRANTS** Plaintiff's renewed motion to proceed IFP and assesses an initial partial filing fee of $13.26 pursuant to 28 U.S.C. § 1915(b)(1). However, *this initial fee will be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by

which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Pursuant to 28 U.S.C. § 1915(b)(2), the CDCR or any agency later having custody must forward payments to the Clerk until the $350 statutory fee is paid in full.

## III.   SCREENING

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion found frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is to 'ensure that the targets of frivolous and malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *Wilhelm*, 680 F.3d at 1121. A complaint fails to state a claim if it lacks a "cognizable legal theory" or "sufficient facts . . . to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)

(quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.   **Factual Allegations**

Plaintiff's claim is sparse and conclusory, but exhibits he attached provide some context.[2] The complaint alleges only that R. Din, a Correctional Lieutenant at CEN, acted with "deliberate indifference" and failed to follow "protocol" on November 11, 2021 sometime after Plaintiff and another inmate named Wilson "had a fight." (Compl. at 2, 3.) Specifically, Plaintiff claims his signature on a "marriage chrono"[3] entered in his prison records after the fight at CEN was fraudulent, that Lt. Din "orchestrat[ed] everything," and

---

[2]   "Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference," to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[3]   Plaintiff fails to explain what a "marriage chrono" is, but his exhibits refer to it as a "128-B" "non-enemy concern" form or "compatibility chrono" entered in CDCR's Electronic Records Management (ERMS) and Strategic Offender Management (SOMS) Systems indicating whether two inmates can safely "program" together in the same facility. (*See* Doc. No. 1-2 at 5–6.) *See also Jordan v. Vargas*, 2019 WL 4751864, at *2 n.2 (N.D. Cal. Sept. 30, 2019). A CDC Form 128-B (Rev. 4-74) is used to "document information about incarcerated persons and incarcerated person behavior. Such information may include, but is not limited to, documentation of enemies, records of disciplinary or classification matters, pay reductions or inability to satisfactorily perform a job, refusal to comply with grooming standards, removal from a program, records of parole or social service matters." Cal. Code Regs. tit. 15, § 3000; *see also Arrellano-Lopez v. Gonzales*, 2024 WL 3666388, at *3 n.6 (E.D. Cal. Aug. 6, 2024), *report and recommendation adopted*, 2024 WL 4277784 (E.D. Cal. Sept. 24, 2024).

as a result his life was "plac[ed] . . . in danger" at some unspecified time later, and after he was transferred from CEN to California State Prison in Lancaster ("LAC"), where Wilson was also housed. (*Id.* at 3; Doc. No. 1-2 at 1–3, 5.)

### C. Discussion

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quote marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

First, to the extent Plaintiff seeks to sue Lt. Din for failing to follow proper prison protocol, (*see* Compl. at 2, 3), he fails to state a plausible claim for relief under § 1983. "Violations of state prison rules and regulations [typically] do not provide an independent cause of action." *Calhoun v. Cruz*, 2021 WL 1338776, at *4 (E.D. Cal. Apr. 9, 2021) (citing *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001)); *Patterson v. Harrington*, 2013 WL 3212413, at *5 (E.D. Cal. June 24, 2013) (finding "no authority to support . . . an implied private right of action under [California's] Title 15" and explaining that "[t]he existence of regulations governing the conduct of prison employees does not necessarily entitle an inmate to sue civilly for their violation")).

Second, to the extent Plaintiff refers to Din's "deliberate indifference," the Court liberally construes his allegations to assert a failure to protect violation under the Eighth Amendment. *See Alvarez v. Hill*, 518 F.3d 1152, 1157–58 (9th Cir. 2008) ("A complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss."). Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825,

833 (1994). To state a failure-to-protect claim however, Plaintiff must show prison officials were deliberately indifferent to a serious threat to his safety. *Id*. at 834. "'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citation omitted).

Thus, to sustain an Eighth Amendment deliberate indifference claim, Plaintiff's complaint must allege facts to plausibly show Lt. Din "[knew] of and disregard[ed] an excessive risk to [his] . . . safety" when he allegedly entered a false CDCR 128-B compatibility chrono in Plaintiff's files indicating he and Wilson, while they had engaged in a fight at CEN in the past, were not documented enemies because they had thereafter agreed to "get along." *See Farmer,* 511 U.S. at 837; *Lokerson v. Tucker*, 2024 WL 5077807, at *2 (E.D. Cal. Dec. 11, 2024) (describing a "marriage chrono" as "a document in which inmates agree to get along."). Plaintiff must further allege Din was "both [] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" when he processed Plaintiff's CDCR 128-B, *and* that Din "also dr[e]w th[at] inference." *Farmer*, 511 U.S. at 837. Eighth Amendment "[l]iability . . . follow[s] only if a prison official 'knows that [an] inmate[] faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 847).

As currently pleaded, Plaintiff's complaint fails to include any facts to plausibly show deliberate indifference because he fails to claim Lt. Din was aware in November 2021 that Plaintiff had *not* in fact signed any CDCR 128-B marriage chrono identifying inmate Wilson as compatible.[4] Nor does Plaintiff allege any facts which plausibly show:

---

[4] The Court notes that several years after the November 2021 incident at CEN, and after he was transferred from California Substance Abuse Treatment Facility (SATF) to LAC on November 2, 2023, Plaintiff's attached exhibits show he filed a CDCR 602 grievance, Log No. 504598, also challenging the validity of his signature on the November 11, 2021 CDC 128-B marriage chrono involving inmate Wilson. (*See* Doc. No. 1-2 at 1–4.) While the CDCR's March 2, 2024 Office of Grievances Decision granted Plaintiff's request for transfer to another institution because a safety investigation revealed he had a documented enemy at LAC at that time, LAC appeals officials nevertheless compared Plaintiff's

(1) he was injured as a result of the allegedly false marriage chrono; (2) that Lt. Din knew he would later be transferred to LAC; (3) that Din knew Wilson would be also be transferred there; or (4) that Lt. Din actually drew the inference that Wilson would later be identified as Plaintiff's known enemy and therefore pose a substantial risk of harm to him. *See Farmer*, 511 U.S. at 837; *Labatad*, 714 F.3d at 1160; *see also Williams v. Wood,* 223 F. App'x 670, 671 (9th Cir. 2007) (affirming dismissal of failure to protect claim where prisoner "did not allege that he ha[d] been assaulted or threatened with an assault[,]" and because "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to his future health" under *Farmer*).

For these reasons, the Court finds Plaintiff's complaint requires *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which § 1983 relief can be granted. *Iqbal*, 556 U.S. at 678; *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

## IV.   CONCLUSION

Accordingly, the Court:

1.   **GRANTS** Plaintiff's renewed motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 4).

2.   **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $13.26 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

///

---

grievance signature to the November 11, 2021 CDCR 128-B in his files, determined that the signatures "appear[ed] to be the same or similar," and concluded that Plaintiff had in fact signed the November 11, 2021 "non-enemy concern chrono" involving inmate Wilson which he now claims Lt. Din fabricated or falsified. (*Id.* at 5–6.)

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, via U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4.    **DISMISSES** Plaintiff's complaint for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and **GRANTS** him forty-five (45) days leave in which to file an amended complaint that addresses the deficiencies of pleading identified in this Order. Plaintiff's amended complaint must be complete by itself without reference to his original pleading. Any Defendant not named and any claim not re-alleged will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an amended complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  June 27, 2025

Hon. Anthony J. Battaglia
United States District Judge