UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TYREE RAYBON RUFFINS,
CDCR #BJ-6459,

                                    Plaintiff,

                    v.

R. DIN, Lieutenant,

                                    Defendant.

Case No.:  25-cv-00267-AJB-SBC

**ORDER DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)**

**(Doc. No. 7)**

Before the Court is an amended civil rights complaint filed pursuant to 42 U.S.C.§ 1983 by Plaintiff Tyree Raybon Ruffins, a prisoner at Mule Creek State Prison, who is proceeding in forma pauperis ("IFP") and without counsel. (*See* Doc. No. 7.) Plaintiff's original complaint alleged R. Din, a correctional lieutenant at Centinela State Prison ("CEN"), violated his constitutional rights in November 2021 by failing to follow proper known-enemy protocol after Plaintiff and another inmate engaged in a fight. (*See* Doc. No. 1 at 3.) Because Plaintiff failed to allege facts sufficient to state a plausible claim for relief, the Court dismissed his complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), but provided him notice of his pleading deficiencies and granted him leave to fix them. (*See* Doc. No. 6.)

1

Plaintiff has since filed a letter addressed to the Court captioned as his amended complaint, but this pleading too fails to state any claim upon which § 1983 relief may be granted.  (*See* Doc. No. 7.) Thus, for reasons explained, the Court now **DISMISSES** his amended complaint and denies further leave to amend as futile.

## I.    PROCEDURAL BACKGROUND

Plaintiff original complaint was sparse and conclusory, but the Court construed it liberally, when read together with his attached exhibits, to allege that Lt. Din's mishandled a CDCR 128-B "marriage chrono" sometime after Plaintiff and another inmate named Wilson had a fight at CEN. (*See* Doc. No. 6 at 5–6, *citing* Doc. No. 1 at 2–3.) Plaintiff appeared to claim Din falsified this document to suggest Plaintiff and Wilson were *not* in fact enemies, but had instead agreed to "get along." (*Id.* at 7.) Approximately two years later, after both Plaintiff and Wilson transferred to California State Prison in Lancaster ("LAC"), Plaintiff alleged he was "plac[ed] in danger" due to the "non-enemy concern chrono" Din is alleged to have placed in his file.  (*Id.* at 6–7, n. 4.)

The Court found Plaintiff's complaint failed to state any plausible claim for relief against Din because his allegations were primarily focused on Din's alleged failure to follow CDCR rules and regulations. (*Id.* at 6.) The Court further found that to the extent Plaintiff sought to hold Din liable for failing to protect him from harm in violation of the Eighth Amendment, he failed to include any facts to plausibly show Din acted with deliberate indifference to any known and substantial risk to his safety. (*Id.* at 6–7 (citing *Farmer v. Brennan*, 511 U.S. 825, 833, 834, 837 (1994)).) Specifically, the Court concluded Plaintiff's Eighth Amendment claims fell short because he failed to allege: "(1) he was injured as a result of the allegedly false marriage chrono; (2) that Lt. Din knew he would later be transferred to LAC; (3) that Din knew Wilson would be also be transferred there; or (4) that Lt. Din actually drew the inference that Wilson would later be identified as Plaintiff's known enemy and therefore pose a substantial risk of harm to him." (*Id.* at 8, citing *Farmer*, 511 U.S. at 837.) The Court granted Plaintiff leave to amend, and cautioned that his amended complaint "must be complete by itself without reference to his

original pleading." (*Id.* at 9 (citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.")).)

In response, Plaintiff filed an amended complaint, but it includes even less, not more, factual detail with respect to his claims against Lt. Din. (Doc. No. 7.) In fact, as discussed below, Plaintiff's current 2-page letter pleading fails to function as an amended complaint at all, and instead is comprised of argument as to why his original pleading was "valid." (*Id.*)

## II.   SCREENING

### A.   Standard of Review

Because Plaintiff remains a prisoner and is proceeding IFP, his purported amended complaint, like his original, requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion found frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8(a) and 12(b)(6) together require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. A complaint fails to state a claim if it lacks a "cognizable legal theory" or "sufficient facts . . . to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford [him] the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342, n.7 (9th Cir. 2010), it "may not supply essential elements of the claim that were not initially pled," *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (citations omitted).

**B.    Discussion**

The Court finds Plaintiff's amended complaint fails to comply with Rule 8 and still fails to state a plausible claim for relief against Lt. Din. Therefore, it too must be dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Iqbal*, 556 U.S. at 677–78.

Every complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3); *Gibson v. City of Portland*, --- F.5th ----, No. 24-1663, 2026 WL 235118, at *16 (9th Cir. Jan. 29, 2026). Unlike his original complaint, which was filed pursuant to 42 U.S.C. § 1983, named Lt. Din as a defendant, and arguably invoked Plaintiff's Eighth Amendment right to remain free from a substantial risk of harm at the hand of another prisoner, (*see* Doc. No. 1 at 1–3), his current pleading, while captioned as his "Amended Complaint," (*see* Doc. No. 7 at 1), is not a complaint at all. It fails to clearly identify any defendant, *see* Fed. R. Civ. P. 10(a) ("[T]he title of the complaint must name all the parties"), fails to allege federal subject matter jurisdiction under § 1983, *see Watson v. Chessman*, 362 F. Supp. 2d 1190,

1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged."), fails to contain "factual content that allows the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged" in it, and fails to contain any claim for relief whatsoever. *Iqbal*, 556 U.S. at 678.

Rule 8 "prescribes the information a plaintiff must provide about the merits of his claim at the outset of litigation." *Berk v. Choy*, 607 U.S. ----, --- S. Ct. ----, No. 24-440, 2026 WL 135974, at *4 (U.S. Jan. 20, 2026). While detailed factual allegations are not required, at a minimum, a complaint must contain some factual content sufficient to provide "fair notice" of both the claim being asserted and the legal "grounds upon which [the claim] rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

Here, Plaintiff's amended complaint simply asserts he "*has* stated & or alleged [] valid facts," refers again to a "128-B marriage chrono" that he only "supposedly signed," and accuses Lt. Din of "disregard[ing] the necessities." (*See* Doc. No. 7 at 2 (emphasis added).) However, Plaintiff makes "no attempt . . . to match up the specific factual allegations [with any] specific legal claim[]." *McHenry*, 84 F.3d at 1177. Moreover, he cannot amend by merely incorporating previously-named defendants or prior factual allegations into his amended pleading by reference. *See* S.D. Cal. CivLR 15.1.a ("Every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading."); *Hal Roach,* 896 F.2d at 1546 (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."). This approach leaves the "defendant[] and th[e] court . . . literally guessing as to what facts support the legal claims being asserted[.]" *McHenry*, 84 F.3d at 1177. Instead, Plaintiff must re-name

the parties he intends to sue, and contain within his amended pleading "sufficient factual matter, accepted as true, to 'state a [§ 1983] claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

He has not. Instead, Plaintiff's amended complaint fails to address any of the pleading deficiencies clearly and specifically identified in the Court's prior Order. He still fails to allege what injury Din's allegedly false marriage chrono caused, how or whether Lt. Din knew he would later be transferred to LAC, or include any factual content which plausibly suggests Lt. Din actually drew the inference Wilson would later be identified as Plaintiff's known enemy and therefore pose a substantial risk of harm to him at another prison two years in the future. (*See* Doc. No. 6 at 8, citing *Farmer*, 511 U.S. at 837.) In fact, while his amended pleading refers to Lt. Din, it fails to set forth, clearly and concisely, *any* factual allegations or context sufficient to provide notice of just "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry,* 84 F.3d at 1177–78; *see also Exmundo v. Kane*, 553 F. App'x 742, 743 (9th Cir. 2014) (affirming district court dismissal of § 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions"). "[I]t is not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008) (citation omitted); *see also Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of pro se complaint "contain[ing] a confusing array of vague and undeveloped allegations," and which "did not allege sufficient facts or jurisdictional basis for any federal claim for relief."). Nor is it "the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson*, 2026 WL 235118, at *18.

## C.    Leave to Amend

Accordingly, because Plaintiff's amended complaint lacks both a "cognizable legal theory" or "sufficient facts . . .  to support a cognizable legal theory," *Shroyer*, 622 F.3d at 1041, contains only "the-defendant-unlawfully-harmed-me accusation[s]," *Iqbal*, 556 U.S.

25-cv-00267-AJB-SBC

at 678, and he has already been provided a short and plain explanation of his pleading deficiencies, yet has failed to take advantage of his opportunity to amend them, the Court finds further amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III.    CONCLUSION

For the reasons discussed, the Court **DISMISSES** Plaintiff's amended complaint (ECF No. 7) for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  January 30, 2026

Hon. Anthony J. Battaglia
United States District Judge

25-cv-00267-AJB-SBC